Adlington, S.
The above-named Bernard Nies died on the 6th day of April, 1887, at his home in the county of Monroe, N. Y., at the age of seventy years.
. His wife, Christiana, survived him but a single day, and died intestate. They left no descendants, but each left collateral relatives, surviving, as appears from the records of this office. On April 29, 1887, a petition for the probate of the alleged last will and testament of the said Bernard Nies was filed in this court by one David Aucher, a creditor; and, thereafter service of citation was duly made by Sublication upon the heirs-at-law and next of kin of the ecedent.
The instrument so presented for probate is written on one side of a half sheet of legal cap paper, and one thing, the introductory clause, is as follows, viz.:
“ First. I give and bequeath to my beloved wife, Christiana, all my property, both real estate and personal property, to be hers, forever, to sell and convey and use for ner sole benefit and support forever.
“BERNARD NIES. [l. s.]
*757 “Second. I, Bernard Nies, do nominate and appoint my beloved wife, Christiana, to be the sole executrix of this, my last will and testament. In presence of the witnesses, •named below, this third day of February, in the year of our Lord, one thousand eight hundred and seventy-four.
“The above instrument, consisting of one half sheet of paper, which is subscribed by Bernard Nies, the testator, in the presence of each of us and at the same time declared by him to be his last will and testament, and at his request, did sign our names hereto as attesting witnesses.
“ORRIN C. WHITE,
“ Of the town of Gates, Monroe County, N. Y.
“JOHN KLEINHENZ,
“ Of the town of Gates, Monroe County, N. Y.”
The testimony, given upon the hearing, shows that this instrument was written for the testator by one of the attesting witnesses, Orrin 0. White, who was a farmer, and a justice of the peace; that after the writing was wholly completed, the decedent wrote his name just under the first subdivision, as it now appears; that he then declared it to be his will, and requested the witnesses to sign, which they thereupon did in his presence.
Mr. White died before Mr. Nies.
It seems to me that this instrument was not executed as required by our statute of wills, and that its probate must be denied.
The statute requires every last will and testament to be subscribed by the testator at the end of the will, and also requires that there shall be two attesting witnesses, each of whom, shall sign his name as a witness, at the end of the will (2 Rev. Stat., -63, § 40). It is not enough that one of these conditions is complied with, both must be observed.
“For the testator to affirm, by his signature, that one part is the will, and witnesses to affirm, by their signature, that another clause is to be added is such a disagreement as defeats the requirement of the statute, that the will must be signed by all parties at the end. The act of authentication must take place at the termination of the testamentary disposition, and the testator and the witnesses must concur in determining that part. The law is no more fulfilled by the testator signing in the middle of the will, and the witnesses attesting at the end, than by the witnesses signing in the middle and the testator at the end. They must all subscribe at the end. McGuire v. Kerr, 2 Bradf., 244, 257; Hewitt v Hewitt, 5 Redf., 271; affirmed 91 N. Y., 261; Dennett v. Taylor, 5 Redf. 561; Matter *758 of Case, 4 Dem., 124; Matter of Heady’s Will, 15 Abb. N. S., 211.
The cases in which wills have been admitted to probate, although something appeared written after the signatures, are not in conflict with the principl&above stated. In all of them the testator and the witnesses did agree as to the point which was the end of the will, and. all affixed their signatures at the place so agreed on. Conboy v. Jennings, 1 T. & C., 622; Brady v. M’Crosson, 5 Redf., 431; Tonnele v. Hall, 4 N. Y., 140; Younger v. Duffie, 94 N. Y., 535.
It is urged, however, on the part of the proponent that what 'precedes the signature of Mr. Nies, completely disposes of all his property, and may, therefore, be regarded as his will, and that the unsigned clause which follows, appointing an executor, may be disregarded, since the appointment of an executor is not now essential, to a valid will.
But this would be a dangerous doctrine. If in proceedings of this character a court could admit to probate such parts of a defectively executed testamentary instrument as it conceives to be essential, and reject such parts as it considers unimportant, the plain and positive standard set up by the statute, for determining what is a valid execution of a will, would be overturned, and there would be substituted for it the diverse opinion of variously constituted tribunals as to what are essentials and what are not essentials in a valid will.
Two wills have been admitted to probate by this court, during the present year, which contained but three provisions, viz.: appointment of an executor, a direction to pay debts, and a further direction for the distribution of the residue of testator’s property according to the laws of the state of New York. No" one of these provisions is essential to a valid will.
The payment of debts and the distribution according to statute, would have been enforced if the will had consisted, simply of the appointment of an executor; but can it be claimed that a will could be admitted to probate in which, above the signature of the testator, appeared a clause, appointing an executor, followed by clauses unsigned by testator, directing the payments of debts and the distribution of the rest of the estate according to statute, the instrument closing with an attestation clause and the signature of the witnesses. The argument made here on this point was advanced in Sisters of Charity v. Kelley (67 N. Y., 409), but was shortly disposed of by Judge Folger in his opinion.
*759 The present case is very similar in its facts to McGuire v. Kerr (2 Bradf., 244), and to Sisters of Charity v. Kelly (67 N. Y., 409), and can not be distinguished from them in principle.
The fact that Mrs. Mes is now dead, and cannot act as executrix does not affect the principle involved.
Probate of the alleged will must- be denied.