In the Matter of the Probate of the last Will and Testament of EDWARD HEWITT, deceased.

A will was written upon the two sides of a piece of paper ; the subscribing witnesses signed their names at the bottom of the first side and again at the top of the second side, following which was an important provision of the will. *Held,* that as one of the requisites prescribed by the statute for the formal execution of a will, *i. e.,* that the attesting witnesses shall sign their names at the end thereof (2 R. S. 63, § 40, subd. 4), had not been complied with, probate of the instrument was properly denied ; and that the refusal of the surrogate to hear proofs was not error.

(Argued January 22, 1883; decided January 30, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order

made April 10, 1882, which affirmed a decree of the surrogate of the county of New York, refusing to admit to probate an instrument purporting to be the last will and testament of Edward Hewitt, deceased.

The facts are stated in the opinion.

*Jesse K. Furlong* for appellant. The absence of a date in a will, and the omission to name an executor can be supplied. (*Leaycraft* v. *Simmons*, 3 Bradf. 35.) So long as in point of time the witnesses wrote their names upon the will after the act of subscription had been done by the testator, it is immaterial where the names of the witnesses appear thereon. A substantial compliance with the statute is all that is required. *(Jackson* v. *Jackson*, 39 N. Y. 153 ; *Pick* v. *Cary*, 27 id. 9 ; *Gilbert* v. *Knox*, 52 id. 129 ; *Leaycraft* v. *Simmons*, 3 Bradf. 35 ; *Rem sen* v. *Brinckerhoff*, 26 Wend. 331 ; *Hitchcock* v. *Thompson*, 6 Hun, 279 ; Redfield's Law of Probate of Surrogate's Court [2d ed.], 164.)

*S. R. Ten Eyck* for respondent. The failure of the sub- scribing witnesses to sign the paper, propounded as a will, at the end thereof, is fatal to its validity as a will. (3 R. S. 63 [Banks' 6th ed. 53].) All the requisites of the statute must be complied with in order to make a will. (*Sisters of Charity* v. *Kelly*, 67 N. Y. 409 ; *Baskin* v. *Baskin*, 36 id. 416 ; *Rem- sen* v. *Brinckerhoff*, 26 Wend. 331 ; *McGuire* v. *Kerr*, 2 Bradf. 214 ; *Lewis* v. *Lewis*, 11 N. Y. 220 ; *Gilbert* v. *Knox*, 52 id. 125 ; *In re Probate of Will of O'Neil*, 15 N. Y. Weekly Dig. 29.)

EARL, J. Edward Hewitt died in May, 1881, leaving an instrument purporting to be his will, which was executed a short time before his death. It was written on two sides of an irregular shaped piece of paper, about one-half of it upon one side and the other half upon the other side. The witnesses signed their names at the bottom of the first side and again at the top of the second side. The deceased signed his name at

the end of the disposing portion of the instrument, near the middle of the second side, and again at the bottom of the second side. Thomas Hewitt, a brother of the deceased, presented a petition to the surrogate of New York, praying for probate of the instrument as a will. Upon that petition citations were issued, and on the return day of the citations the widow of the deceased filed objections to the probate of the instrument relating to the manner and form of its execution. The matter was then adjourned to the 22d day of June, 1881, and the counsel for the contestant then made a motion that probate of the instrument be denied, for the reason that the witnesses thereto had not signed their names at the end thereof. The counsel for the proponent claimed the right, then and there, to examine his witnesses and to give proof of certain facts stated by him ; but the surrogate declined to hear any evidence on the part of the proponent, and made a decree denying probate of the instrument upon the ground that the attesting witnesses did not sign their names at the end thereof. The decree of the surrogate was affirmed upon appeal to the General Term of the Supreme Court, and then the proponent appealed to this court.

We are of opinion that probate of the instrument was properly denied. The statute (3 R. S. [7th ed.], § 2285) prescribes the formalities which shall attend the execution of a will, one of which is that it shall be subscribed by the testator at the end of the will; and another is that the attesting witnesses shall sign their names at the end of the will. However unimportant these formalities may be in any particular case, they must be substantially observed in order to make a valid will. None of them can be dispensed with. As said by the chief justice in the case of *Remsen* v. *Brinckerhoff* (26 Wend. 325), after stating the four requisites prescribed by the statute for the formal execution of wills : "It is obvious that every one of these four requisites, in contemplation of the statute, is to be regarded as essential as another, and there must be a concurrence of all to give validity to the act, and that the omission of either is fatal." It is the requirement of the statute that both the

testator and the witnesses must sign at the end of the will. Wherever the will ends there the signatures must be found, and one place cannot be the end for the purpose of subscribing by the testator and another place be the end for the purpose of signing by the witnesses. As was said by Judge FOLGER in *Sisters of Charity* v. *Kelly* (67 N. Y. 409), a case in which probate of a will was denied because the signature of the testator was not at the end of the will: "Can we say that the end of a will has been found until the last word of all the provisions of it has been reached? To say that where the name is there is the end of the will is not to observe the statute. That requires that where the end of the will is there shall be the name. It is to make a new law to say that where we find the name there is the end of the will. The instrument offered is to be scanned, to learn where is the end of it as a completed whole; and at the end thus found must the name of the testator be subscribed." If the name of the testator had been written where the names of the witnesses are found no one could properly claim that it was written at the end of the will. Here the signatures of the witnesses are followed by an important provision of the will, disposing of property to his brother. They are not written at the end of the will, but manifestly near the middle thereof, and hence plainly, from an inspection of the will, the statute was not complied with.

There was no error committed by the surrogate in refusing to hear the proofs offered on the part of the proponent. It would have been wholly unavailing to show that this will was in other respects properly executed; that there was some excuse for not placing the names of the witnesses at the end of the will; that there was the absence of fraud, and that the transaction was attended with entire good faith and fairness. The proof offered would not tend to show that the place where the signatures were signed was the end of the will. No proof could show that. That was a fact which could not be removed from the case by any evidence, and the requirement that the signatures should be at the end of the will could not be supplied by any evidence; and, hence, it was proper for the surrogate,

upon the production of this instrument before him, to refuse to receive evidence and deny probate, just as he would have been authorized to do if the name of the testator, instead of being subscribed at the end of the will, had been simply written at its commencement.

We are, therefore, of opinion that the judgment of the Supreme Court should be affirmed, with costs.

All concur, except RAPALLO, J., absent.

Judgment affirmed.