IN THE MATTER OF THE PROOF OF THE LAST WILL AND TESTAMENT
OF JAMES MACKAY, DECEASED.

*Will — what proof as to the acknowledgment of his signature by the testator is
required.*

Upon an application for the probate of a will of one Mackay, it appeared that
the instrument offered had been drawn up by a lawyer, at the request of
Mackay (who told him he wanted it for a friend) with the exception of the
names of the deceased and of the legatees and executrix, which were in
the handwriting of the deceased. The deceased told the two witnesses that
the paper was his will, and that he wanted them to sign it. The paper was
folded so that they could see only the attestation clause; they did not see him
sign the will, nor did they see his signature or seal, or know that there was
any signature or seal; nor did he acknowledge that any signature was his.

*Held*, that a decree of the surrogate, refusing to admit the paper to probate, should
be affirmed, as it was not shown that the testator had acknowledged to the
subscribing witnesses that he had signed the will.

It is impossible for a person, under the statute, to acknowledge that a signature
has been made by him unless the witness sees the signature which the person
attempts to acknowledge.

APPEAL from a decree of the surrogate of St. Lawrence county,
refusing to admit to probate an instrument purporting to be the
last will of James Mackay, deceased.

*William Peters* and *Louis Hasbrouck*, for the executrix, appellant.

*W. H. Sawyer*, for next of kin, contestants.

LEARNED, P. J.:

This is an appeal by the executors and legatees from the decree
of the surrogate refusing to admit to probate a paper purporting to
be the will of James Mackay, deceased. There is but one question
in regard to the proper execution of this paper. That is, whether
the testator acknowledged to the subscribing witnesses that the
subscription to the will had been made by him.

This is not a case like that of the *Cottrell Will* (95 N. Y., 329),
where neither the surrogate nor the appellate courts believed the
testimony of the subscribing witnesses; and where the probate
was granted because the courts believed that all the requisites of

the statute were in fact complied with. In the present case there is no reason to doubt that the subscribing witnesses give an accurate account of all that took place. And the question must be whether the facts, as they state them, show a proper execution of the instrument.

The instrument had been drawn up by a lawyer at the request of the deceased, except the names and residences. The deceased had stated to the lawyer, at that time, that he wanted it for a friend who could not come and see the lawyer. The names and residences (that is of the deceased and of the legatee and executrix) are in the handwriting of the deceased. The signature to the paper is in the handwriting of the deceased.

The attestation clause does not contain the name of the testator or any date, except by reference to the date of the instrument.

The deceased told the two witnesses that the paper was his will, and that he wanted them to sign it. The paper was folded so that they could see only the attestation clause. They did not see the deceased sign the will, nor did they see his signature or seal; nor did they know that there was any signature or seal; nor did he acknowledge that any signature was his.

One of the witnesses says that, a few days before that time, he was at the house of the deceased, and deceased took the paper out of the envelope and read it to himself, and the witness says he was sitting some distance off and caught the reflection of the seal. But there is no evidence that the instrument had been signed at the time when the witnesses were requested to witness it. That is, unless the transaction which then took place as above detailed, is to be considered evidence that the instrument had been previously signed. The attestation clause states that the instrument was signed in presence of the witnesses; not that the signature was acknowledged. This is plainly incorrect.

The statute requires either that the witnesses shall see the deceased subscribe his name, or shall hear him acknowledge some subscription already made to be his. This plainly implies that they shall see the subscription which the deceased thus acknowledges. Thus in the *Phillips case* (98 N. Y., 267), the deceased produced the will, laid it on the table in front of the witness "with his (the deceased's) signature visible on the face of it." And the

court say that the exihibition of the will, and of the testator's signature attached thereto, and the declaration that it was his last will, were a sufficient acknowledgment of the signature. So that the decision rested, among other facts, upon the exhibition to the witness of the testator's signature.

It is well settled that each of the several formalities required by the statute must be substantially observed. (*In re Hewitt* 91 N. Y., 261.) And it certainly is impossible for a person, under the statute, to acknowledge that a signature has been made by him, unless the witness sees the signature which the person attempts to acknowledge.

Let us suppose (and there are no facts inconsistent with the supposition) that the deceased did not sign the instrument until some time after the interview with the witnesses. On that supposition, the instrument was never duly executed.

We have examined the cases cited by the appellant, but we find no others which seem to us to need discussion in connection with this case. The simple question is whether the proof shows satisfactorily an acknowledgment of his signature by the deceased. We think it does not. The folding of the paper by the deceased so as to disclose only the attestation clause shows that he did not exhibit, and did not intend to exhibit, his signature, if any then existed. Of course no special form is needed for such an acknowledgment. But the thing which is acknowledged must be seen by the witnesses. Very possibly, also, if the facts were not known, the attestation clause might be presumptive evidence that the instrument was properly executed. But in the present case the facts are known and are clearly proved.

It seem to us that the safe course in all questions of this kind is to follow the statute strictly. Attempts by courts to relieve interested parties against imperfect execution of wills, while they may be made with very benevolent motives, lead to confusion and uncertainty in the law. The formalities required by the statute are not technical. They are intended as safeguards against fraud and imposition. And it is best that they should be adhered to, although in some instances such adherence may disappoint would-be legatees. Even in those instances it is not a great evil that the property of a deceased should go to his heirs and next of kin.

We are of the opinion that the decision of the surrogate was correct.

Decision affirmed, with costs against appellants.

Landon and Parker, JJ., concurred.

Decision affirmed, with costs against appellants.