IN THE MATTER OF PROVING THE LAST WILL AND TESTAMENT OF IRA DAYGER, DECEASED.

*Signatures of witnesses to a will — when they will be held to be "at the end of the will" — 3 R. S. (7th ed.), 2285, sec. 40.*

Upon this appeal from a decree of a Surrogate's Court, admitting a will to probate, it appeared that the will was written upon four half sheets of note paper, which were fastened together, end to end, with mucilage. Upon one side of this strip of paper the will was written and signed by the testator; all that side, except two lines between the signature and the bottom of the sheet, being used. It also appeared that after the completion of the body of the will the person preparing it folded this strip of paper with one fold and then turned it over and wrote the attestation clause upon the other side. After the will was thus prepared it was signed by the testator in the presence of the attesting witnesses, and then signed by them at the end of the attestation clause.

*Held,* that the witnesses signed at the end of the will within the meaning of that term as used in section 40 of 3 Revised Statutes (7th ed.), page 2285.

*Remsen* v. *Brinkerhoff* (26 Wend., 325); *Matter of Hewitt* (5 Redf., 271; 91 N. Y., 261); *Matter of O'Neil* (91 id., 516); *McGuire* v. *Kerr* (2 Bradf., 244); *Sisters of Charity* v. *Kelly* (67 id., 409) distinguished.

APPEAL from a decree of the Surrogate's Court of Otsego county admitting a will to probate.

*C. B. Pierce,* for Anna A. Skinner, contestant, appellant.

*H. D. Luce,* for William H. Dayger, proponent, respondent.

MARTIN, J. :

The single question presented on this appeal is whether the witnesses to the testator's will signed it at the end as required by statute. The statute provides "there shall be at least two attesting witnesses, each of whom shall sign his name as a witness at the end of the will." (3 R. S. [7th ed.], 2285, § 40.) Two attesting witnesses, as such, signed the testator's will. The will was upon four half sheets of note paper, which were fastened together, end to end, with mucilage. Upon one side of this strip of paper the will was written and signed by the testator. It occupied all of that side except two lines between the signature and the bottom of the sheet. It is quite evident that after the completion of the body of the will the person preparing it folded this strip of paper with one fold and then turned it over and wrote the attestation clause upon the other side. After the will was thus prepared it was signed by the testator in the presence of the attesting witnesses, and thereupon they signed the same, as such witnesses, at the end of the attestation clause.

There was no other writing whatever upon this paper. The whole will was fully completed before it was signed by either the testator or the attesting witnesses, and the signatures are all below or at the end of the point of completion. The appellant's sole contention is that the witnesses were required by statute to sign their names, as such, at the immediate end of the will with no intervening space between the end and their signatures; and because this will was not so signed it was void. The cases of *Remsen* v. *Brinkerhoff* (26 Wend., 325); *Matter of Hewitt* (5 Redf. 271; 91 N. Y., 261); *Matter of O'Neil* (91 id. 516); *McGuire* v. *Kerr* (2 Bradf., 244); *Sisters of Charity* v. *Kelly* (67 N. Y., 409), are cited as sustaining the appellant's contention. None of the cases cited sustain the position contended for by the appellant. In each of those cases some material provision of the will appeared, either after the signature of the testator or after the signature of the witnesses or after the signature of both. Not so here. Here all the provisions of the will precede the signature of the testator, and also precede the signatures of the attesting witnesses.

The construction contended for cannot and ought not to be maintained. So literal a compliance with the statute is not

required; a substantial observance of it is sufficient. An instrument is signed at the end thereof when nothing intervenes between the instrument and the subscription. Accordingly it was held that a codicil was signed by the subscribing witnesses at the end thereof, although there was a blank space of four inches between the signature of the testator and the commencement of the attestation clause. (*Matter of Gilman*, 38 Barb., 364; *Younger* v. *Duffie*, 94 N. Y., 535, 541; *Hitchcock* v. *Thompson*, 6 Hun, 279.)

We think the will of the testator was properly executed and properly admitted to probate by the learned surrogate, whose exhaustive and able opinion renders further discussion of this question unnecessary.

The decree appealed from should be affirmed with costs, to be paid by the appellant personally.

HARDIN, P. J., and FOLLETT, J., concurred.

Decree affirmed with costs, to be paid by appellant personally.