In the Matter of the Probate of the Alleged Will of JAMES R. WHITNEY, Deceased.

ANNIE C. WHITNEY and Others, Appellants; MARY A. WILSON and Others, Respondents.

*Will — an interlineation may be made therein — its place must be sufficiently designated — need not be noted at the foot of the instrument.*

An interlineation may be made in a will as in any other instrument, provided that the place where it should appear is designated by the instrument itself with sufficient certainty, nor is it necessary that the interlineation should be noted at the foot of the will or instrument; it is only necessary that it should have been made before the execution and publication of the will.

An instrument in writing purporting to be the last will and testament of a testator was rejected by the Surrogate's Court because the third and fourth clauses thereof were not written in the body of the will, but upon a separate piece of paper fastened to the face of the will.

The said clauses were intended by the testator to be a part of his will, and were attached to the face of the will at a point near the end of the second clause, with metal staples on one side of the paper, so that, by raising the unfastened end of the paper attached, the place where it should come in on the principal paper was apparent. The will was written on a blank form, in which the blank left for the disposition of property had been written full when the end of the second clause was reached, and at such end of the second clause were the words "see annexed sheet." Then came the annexed sheet containing clauses 3 and 4, followed by a clause appointing executors, the testimonium clause, the signature of the testator, the attestation clause and the signature of the witnesses.

It was apparent that if the third and fourth clauses were eliminated the purposes of the will would not be accomplished, no provision being otherwise made for the wife of the testator or the disposition of the bulk of the testator's property.

The surrogate found in effect that said clauses were attached to the face of the will at the place above mentioned before its execution by the testator or witnesses, and that they were intended by the testator to be a part of his will, and that the will was executed in all respects as required by the statute.

*Held*, that as the attached paper by the terms of the instrument itself was to come in and be made a part of the will before "the end of the will," the will was properly executed, and that the decree of the Surrogate's Court denying probate to said instrument should be reversed.

BRADLEY, J., dissenting.

APPEAL by the proponent, Annie C. Whitney, and others, from a decree of the Surrogate's Court of the county of Monroe, entered in

said Surrogate's Court on the 24th day of January, 1895, refusing to admit to probate an instrument alleged to be the last will and testament of James R. Whitney, deceased.

*George E. Warner* and *Henry J. Sullivan*, for the appellants.

*Charles S. Baker*, for the respondents.

WARD, J.:

The will was rejected by the surrogate because the third and fourth clauses thereof were not written in the body of the will, but upon a separate piece of paper fastened to the face of the will. These clauses were intended by the testator as a part of his last will and testament, and were attached to the face of the will at a point near the end of the second clause with metal staples on one side of the paper, so that by raising up the unfastened end of the paper attached, the place where it should come in on the principal paper was apparent. The will was written on a blank form. The blank left for the disposition of property had been written full when the end of the second clause was reached, and at such end are the words "see annexed sheet." Then comes the annexed sheet, and the whole reads as follows (after the preliminary statement and a provision for the payment of debts):

"*First*. I give and devise and bequeath to my brother Ira I. Whitney the undivided one-half of the farm lying in the town of Parma, Monroe county, and State of New York, with the provision that within one year after my decease he pay to his son James R. Whitney five hundred dollars, which shall be a lien on said premises until so paid, and I give, devise and bequeath to my brother Henry Whitney the use of the other undivided one-half of said farm for and during his lifetime, with the provision that he pay to his son Douglas S. Whitney five hundred dollars within one year after my death, which shall also be a lien thereon until paid ; said farm is described in a certain deed of conveyance recorded in Monroe county clerk's office, New York, in liber 481 of deeds at page 459, together with immediate possession and all arrearages of rent therefor. After the death of my said brother Henry I give the said premises to his *l*awful heirs.

"*Second*. I give to Eliza Wilson, wife of John B. Wilson, the

sum of five hundred dollars, to be paid within one year after my death.

" See annexed sheet.

" *Third.* I give, devise and bequeath to my wife, Anna C. Whitney, five hundred dollars in trust, to be paid by her to Florence L. Root, a daughter of Charles A. Root, a nephew of my wife, at such times as my wife thinks proper, but not until she shall be 21 years old, but before she is 25 years old.

" *Fourth.* I give, devise and bequeath to my wife, Anna C. Whitney, all the balance of my estate, both real and personal, of every kind."

Then followed a clause appointing executors, the testimonium clause, the signature of the testator, the attestation clause and the signature of two witnesses with the third and fourth clauses inserted in their proper place. The will is rational, consistent and complete, disposing of all the property of the deceased and providing for the natural objects of his bounty. Eliminate these clauses and the purposes of the will are not accomplished. No provision is made for the wife of the testator, and the bulk of the testator's property is not disposed of, and as to that he would have died intestate. The words at the end of the second clause, " see annexed sheet," and the commencement of the annexed sheet, being " third," taken in connection with the fact that the annexed sheet was in fact fastened to the principal paper, enable us to locate without doubt the exact place where the decedent intended the third and fourth clauses to be inserted. Another consideration aids this location, and that is that he residuary clause, which usually follows the specific bequests and devises, is at the bottom of the attached sheet. It is, therefore, apparent that the third and fourth clauses were inserted in the will before " the end of the will," so that here is an exact compliance with the statute unless it be assumed that interlineations or additions to the face of the instrument cannot be made at all. This will hardly be claimed, as an interlineation may be made in a will as in any other instrument, provided that the place where it should appear is designated by the instrument itself with sufficient certainty.

Williams on Executors (at m. p. 97) says : " If the testator in a will or codicil or other testamentary paper duly executed refers to an existing, unattested will or other paper, the instrument so referred

to becomes part of the will." And Jarman on Wills, *193, says: "A codicil duly attested communicates the efficacy of its attestation to an unattested will or previous codicil so as to render effectual any devise or bequest which may be contained in such prior unattested instrument." And in *Brown* v. *Clark* (77 N. Y. at 377) Judge ANDREWS, speaking for the Court of Appeals, says: "It is established by a long line of authorities that any written testamentary document in existence at the execution of a will may by reference be incorporated into and become a part of the will, provided the reference in the will is distinct and clearly identifies or renders capable of identification by the aid of extrinsic proof the document to which reference is made." (Citing a number of cases and also the extracts from Williams and Jarman above given.) Nor is it necessary that the interlineations should be noted at the foot of the will or instrument. (*Matter of Voorhees*, 6 Dem. 162.) It is only necessary that the interlineations should have been made before the execution and publication of the will. (*Crossman* v. *Crossman*, 95 N. Y. 145, 153; *Tonnele* v. *Hall*, 4 id. 140, and cases there cited.).

In the last case a map in the register's office descriptive of the property devised was referred to in the body of the will and a copy was annexed to the will. The court says at page 143, "the map on file in the register's office, or a reduced copy of it annexed, may be treated as a part of the instrument (citing cases); its contents must be incorporated and distributed in it to the extent of the several references made to it at the places where made, and thus the contents of the paper to which the instrument refers *will be deemed constructively inserted before the point is reached* where the subscription by the decedent and signing by witnesses are made." It was established before the surrogate, and he found, in effect, that clauses third and fourth were attached to the face of the will at the point above indicated before its execution by the testator or witnesses, and that they were intended to be a part of his will by the testator and that the will was executed in all respects as required by the statute. There was no fraud in the transaction apparent or pretended. The contestants rely upon *The Matter of Hewitt* (91 N. Y. 261); *The Matter of O'Neil* (Id. 516) and *The Matter of Conway* (124 id. 455).

In the *Hewitt* case the testator and subscribing witnesses signed at the bottom of the first page of the will; on the back of the will were important clauses not attested except that at the top of these clauses on the second page the subscribing witnesses signed their names again, and the testator signed at the bottom of the second side.

In the *O'Neil* case the will consisted of four pages; the formal commencement was on the first page and the formal termination printed at the foot of the third page, where the names of the testator and witnesses were written. On the fourth page were material provisions of the will and not connected by reference or symbol, or asterisks, to the other portion of the instrument.

In the *Conway* case a printed blank form was used, and the spaces on the first side of the paper were all written full with complete devises, and at the end of which was interlined in parenthesis the words "carried to back of will," upon the top of the back of the sheet, or before the material entries were written, the word "continued;" following it were various bequests, and then the words "signature on face of the will." In each of these cases the will was rejected by the court because the testator and witnesses did not execute the will at the end thereof. The last case (*Matter of Conway*) was decided by the Second Division of the Court of Appeals, where four judges reversed the General Term of the fifth department, three judges, BRADLEY, HAIGHT and BROWN, dissenting. This case should certainly not be extended further than the facts therein absolutely require. These cases hold that the intent of the Legislature, that the execution of the will should be at the end, cannot be subverted, no matter what was the intention of the testator, and although, from the circumstances proved, there was no opportunity for fraud and none existed, and their decision was put upon the ground that, as a physical fact, a part of the will was not embraced in that portion of it that precedes the signature at the end of the will. Those cases are plainly distinguishable from the one at bar. In this case the interlineation or attached paper by the terms of the instrument itself is to come in and be made a part of the will before the formal ending thereof. In the other cases, and especially in the last, the testator in words violates the statute and places important provisions of the will beyond the end thereof and after the signatures of the witnesses and testator, and upon the back of the

instrument. As a physical fact, therefore, whatever may have been the intention of the testator, all the provisions of the will were not incorporated within the paper before the end thereof.

The decree of the Surrogate's Court should be reversed and the proceedings be remitted to the surrogate of Monroe county, with directions to proceed with the probate of the will, and that the appellants recover the costs and disbursements of this appeal, to be paid out of the property of the deceased.

LEWIS and ADAMS, JJ., concurred.

BRADLEY, J. (dissenting):

The alleged testator was of sound mind and memory at the time he made the instrument purporting to be his will, and in its execution the statutory formalities were observed in so far that he signed it and declared the instrument to be his last will and testament in the presence of witnesses, who, at his request, subscribed their names as such. The only question about its validity as a will arose from the fact that a portion of the provisions of the will was on a slip of paper attached to that upon which was the testimonium clause subscribed by the testator. The draughtsman used a printed blank and filled the blank space with provisions numbered first and second, then added " see annexed sheet," and a paper upon which was written by him clauses numbered third and fourth was there attached to the instrument by means of two metal staples. The only reference to it was that before mentioned, and on the slip was nothing denoting its relation or reference to that to which it was so attached other than in the disposing clauses numbered third and fourth. It appears by the evidence of the draughtsman that the slip so annexed, as well as the other portions of the instrument, was read by the testator and constituted a portion of the instrument declared by him to be his last will and testament. And upon the evidence the conclusion is fairly required that the latter treated and intended it as a part of his will. The statute provides that every last will and testament " shall be subscribed by the testator at the end of the will." (2 R. S. 63, § 40.) The observance of this requirement is essential to the validity of a will. (*Sisters of Charity* v. *Kelly*, 67 N. Y. 409; *Matter, etc., of Hewitt*, 91 id. 261 ; *Matter, etc., of O'Neil*, Id. 516 ; *Matter of Conway*, 124 id. 455.)

FIFTH DEPARTMENT, OCTOBER TERM, 1895.          [Vol. 90.

It was intended by the person who drew the will and by the testator that the provisions upon the slip so attached should be treated as inserted in the place indicated by the reference to the "annexed sheet," and in that sense the will was subscribed by the testator at the end of it. But, as was held in the cases above cited, the end of the will contemplated by the statute is that which actually and physically follows all the provisions of the instrument, and in that respect the intent of the Legislature and not that of the testator controls.

In the *O'Neil* case it was evident that the added provision which followed the signature of the testator to the instrument was intended as the continuation of a provision in the body of it above the signature, but for want of room in the printed blank it was continued upon the following page to completion. And in the *Conway* case the provisions of the will were in like manner and for the same reason carried on to the page following that on which was the testimonium clause subscribed by the testator, and at the place of departure were the words "carried to back of will," and upon the back was the word "continued," followed by the provisions there written. In both cases it was held that the instruments were not subscribed at the end, as required by the statute.

In those cases as in this one, it may be said that the makers of the instruments regarded those provisions as inserted in the places so indicated, and thus treated their signatures as at the end of the wills. The place at which the slip was attached to the instrument in the present case does not seem, in the legal aspect, to be different in effect than if it had been affixed below that of the signature, or on the following page. It is referred to as annexed.

The statutory requirement is inflexible, and the reason for the construction thus given to it as applicable to the execution of wills is to prevent abuse or fraud in testamentary instruments and alteration of them after their execution. As was said in the *O'Neil* case, by Chief Judge RUGER: "While the primary rule governing the interpretation of wills when admitted to probate recognizes and endeavors to carry out the intention of the testator, that rule cannot be invoked in the construction of the statute regulating their execution." Whether the alleged will in the case at bar was subscribed by the testator at the end of it is a question of statutory construction. The application of the doctrine of the *Conway* case requires

the conclusion that it was not so subscribed. And, therefore, the instrument was not duly executed as a will.

The contention that it may be admitted to probate as to the provisions other than those contained in the annexed slip cannot be supported. Treating the instrument as not duly executed as a will, it cannot be given probate as such. (*Sisters of Charity* v. *Kelly*, 67 N. Y. 409.)

A like question was considered in the *O'Neil Case* (91 N. Y. 524).

The decree of the Surrogate's Court should be affirmed, with costs to the respondents payable out of the estate of the decedent.

Decree of the Surrogate's Court of Monroe county reversed and the proceedings remitted to that court, with directions to proceed with the probate of the will, with costs of the appeal to the appellants payable out of the estate.