Matter of Proving the Alleged Last Will and Testament of ISABELLE PERRINE, Deceased.

(Surrogate's Court, Montgomery County, December, 1919.)

Wills — when probate denied — execution of — attestation clause — Decedent Estate Law, § 21.

> Decedent signed her name at the end of a writing she had made on both sides of a sheet of paper, and dated it, " May 27, 1915," but there was no attestation clause or other writing. After her death said writing was found in a business envelope, upon the outside of which was written " Last Will and Testament of Isabelle Perrine Town of Minden Dated Witnesses Carrie Van Buren Simon Van Buren June 21st, 1919," and following the " Dated " the word "August" was written, through the whole length of which a line had been drawn and also another line through "A" and " u " and approaching the letter " g." *Held,* that the document had not been executed as required by section 21 of the Decedent Estate Law, and probate thereof will be denied.

PROCEEDINGS on an application for the probate of a will.

N. J. Herrick, for petitioner.

Miss Anna Van Valkenburg and Mrs. Olivia Conover, in person.

Romeyn B. Sammons, as special guardian of Fred J. Perrine and also for Rose N. Perrine, general guardian of said Fred J. Perrine.

SPONABLE, S.   The instrument offered for probate consists of a single sheet of ordinary writing or pad paper in size about five and one-half inches in width and nine inches in length.  It is shown to be in the handwriting of the deceased and is written upon both sides of this sheet of pad paper starting on the first line of one side thereof, which for the purpose of reference and identification we will call " page one " beginning about two inches from the top thereof; the body of the instrument ends on the first line of the other side of said sheet of paper, which for identification we will call " page two " about seven-eighths of an inch from the top thereof and immediately underneath is the signature " Isabelle Perrine " " Fort Plain New York " and underneath this " May 27th, 1915." No attestation clause or other writing whatsoever follows on " page two." On the outside of a business envelope in size and width three and five-eighths inches by six and one-half inches long, and in which this instrument was found, is written " Last Will and Testament of Isabelle Perrine Town of Minden   Dated   Witnesses Carrie Van Buren Simon Van Buren June 21st, 1919." Following the said word " Dated " the word "August " is written.  Through the whole length of the word a line has been drawn and also another line through the letters "A" and " u " and approaching the letter " g."

The question involved is whether the document offered for probate has been executed as required by the statute. Decedent Estate Law, § 21, being· Laws of 1909, chap. 18, and constituting Consol. Laws, chap. XIII, which provides:

" Every last will and testament of real or personal property, or both, shall be executed and attested in the following manner:

" 1. It shall be subscribed by the testator at· the end of the will.

" 2. Such subscription shall be made by the testator in the presence of each of the attesting witnesses, or shall be acknowledged by him, to have been so made, to each of the attesting witnesses.

" 3. The testator, at the time of making such subscription, or at the time of acknowledging the same, shall declare the instrument so subscribed, to be his last will and testament.

" 4. There shall be at least two attesting witnesses, each of whom shall sign his name as a witness, at the end of the will, at the request of the testator."

The paper offered for probate undoubtedly expresses fully the intention of this decedent and if it was the intention of the testator that should govern when a construction of the statute is involved, as it would were a construction of the will after it is probated is in question, I would unhesitatingly and without question declare for the probate of this will. The authorities upon the question involved, however, without any exception that I am able to find, hold that it is not the intent of the person attempting to make a will, but that of the legislature which governs under such circumstances as we find in this case. *Matter of O'Neil,* 91 N. Y. 516; *Matter of Blair,* 84 Hun, 581; affd., on opinion below, 152 N. Y. 645; *Matter of Andrews,* 162 id. 1; *Matter of Field,* 204 id. 448.

Surrogate's Court, Montgomery County, December, 1919.   [Vol. 109.

There has been much discussion as to whether the legislature meant the physical end or the so-called " literary," " natural," " logical," " speaking," or " constructive " end of the paper and I believe, and so hold, that the same rule of law applies as to the witnesses signing their names " at the end of the will " as it does to the testator subscribing his name " at the end of the will " as provided by subdivisions 1 and 4 respectively, of said section 21 of the Decedent Estate Law.

Prior to the decision of *Matter of Field, supra,* the law appears to have been settled in this state that the statute meant the physical end of the will. *Sisters of Charity* v. *Kelly,* 67 N. Y. 409; *Matter of Hewitt,* 91 id. 261; *Matter of O'Neil,* 91 id. 516; *Matter of Conway,* 124 id. 455; *Matter of Blair, supra; Matter of Whitney,* 153 N. Y. 259; *Matter of Andrews, supra.*

*Matter of Andrews* holding that there might be times when the rule would result in hardship, the court was still of the opinion expressed in *Sisters of Charity* v. *Kelly, supra,* at page 416, that " The statutory provision requiring the subscription of the name to be at the end, is a wholesome one, and was adopted to remedy real or threatened evils.   It should not be frittered away by exceptions.   While its provisions should not be carried beyond the policy of the framers of it, that policy should not be defeated by judicial construction."

While the opinion in *Matter of Field, supra,* gives more latitude and is much more liberal as to the application as to what is meant by the " end of the will " yet when I read this opinion as a whole and not take isolated parts of it I cannot help but conclude that the Court of Appeals in this case did not intend in effect to overrule all the cases cited above as to what is meant by the " end of the will."   In the *Field* case a

printed form was used. In the space intended for bequests there were attached by two pins six sheets of paper bearing the handwriting of the decedent written upon one side only and numbered by him at the top consecutively from 1 to 6, which contained the dispositive provisions of the will; the signature of the deceased was written in the usual place on the right side of the bottom of the printed form.

In the course of this opinion of the Court of Appeals the court said, at page 453: " So the six sheets of the papers in question are part of the body of the will, being *physically incorporated therein* and not, as in some of the cases, wholly without the body and merely referred to therein. The essence of the paper subscribed is not the printed form alone, but the printed form with the six sheets so inserted therein as to become blended therewith at the point of insertion. Thus the physical and the literary beginning, body and end of the instrument are the same, and the signature of the testator is found at the end."

As said by the court in *Matter of Andrews, supra,* at page 5: " It is undoubtedly true that from time to time an honest attempt to execute a last will and testament is defeated by failure to observe some one or more of the statutory requirements. It is better this should happen under a proper construction of the statute than that the individual case should be permitted to weaken those provisions calculated to protect testators generally from fraudulent alterations of their wills."

The statute, however, makes no exception with respect to a holographic will in its requirements as to execution. *Matter of Turrell,* 166 N. Y. 330.

Although I heard the proofs offered on the part of the proponent, I believe that upon the paper propounded for probate I would have committed no error

Surrogate's Court, Montgomery County, December, 1919.   [Vol. 109.

had I refused to hear them.  *Matter of Hewitt,* 91 N. Y. 261.

In the case before me, unlike the *Field* case, the writing on the " envelope," proponent's Exhibit 2, is not a part of the body of the will and is not *physically incorporated therein,* but is wholly without the body and entirely separated therefrom, the envelope serving only as a receptacle for the body of the will, proponent's Exhibit 1.  The writing on pages 1 and 2 was, undoubtedly, made by the testatrix, and the presumption is that the writing was made by her on May 27, 1915, which is the date found upon the paper.  The date that Carrie Van Buren and Simon Van Buren signed the envelope accompanying, in which the paper " pages 1 and 2 " offered for probate was found, was made on June 21, 1919, over four years after the time of the writing of the instrument offered for probate. The decedent may during this long period of time have written many papers with an honest intention and purpose of making her will, which papers, of course, may have been entirely different as to the bequests than the one offered for probate.  There is no proof showing that at the time Carrie Van Buren and Simon Van Buren wrote their names upon proponent's Exhibit 2, the envelope, and after proponent's Exhibit 1, the body of the paper offered, was placed in Exhibit 2, that the same was sealed and it, therefore, would have been very easy for a similar sheet of paper, with a writing thereon of the deceased with the intention to make her will, to have been placed in proponent's Exhibit 2; therefore I believe that upon the facts in the case and upon the authorities upon the question there has not been such an execution of the paper offered as is required by the statute in this state, and I accordingly deny to admit the same to probate.

Probate denied.