## In the Matter of the Probate of the Will of OTTILIA REDDEN, Deceased.

Surrogate's Court, Erie County, August 1, 1945.

*Samuel E. Chasin* and *B. B. Krystaniak* for proponent.

*Carlton P. O'Connor,* executor in person.

*Harold Tillou* and *Augustine A. Mosco* for contestant.

VANDERMEULEN, S. It appears that the purported last will and testament of the decedent herein was drafted by her attorney on four yellow sheets of paper, consisting of four pages. The will apparently ends at the end of the third page. The testator signed each of the three pages and on the fourth page appear the names of two witnesses. With the exception of the glue which binds papers of this nature into a pad, the sheets were not fastened together. After the will was executed, the attorney for the testatrix put it in a file in his office and there it remained until it was filed, along with a petition for probate, in this court.

Objections were filed to the will, which resulted in four questions to be submitted to the court and jury. The court directed the jury to answer " Yes " to the questions that involved due execution and mental capacity, and " No " to the question of undue influence, and submitted question No. 1 to the jury which reads as follows: " Is the said instrument so propounded the last will and testament of the decedent, Ottilia Redden? " I was strongly inclined to direct the jury to answer Question No. 1, " Yes ", but felt that because of the peculiar situation involving the drawing of the will and the testimony of the two subscribing witnesses at the preliminary hearing, which was somewhat at variance with their testimony at the trial, that the jury should pass on this question. The jury disagreed, which adds strength to my first inclination.

" There is no statute forbidding the use of separate sheets or directing how they shall be joined together. Cases where wills have been altered after execution are very rare, as the records of the court show, while cases where the intention of the testator has been wholly defeated by a rigid construction of the statute requiring subscription at the end of the will are alarmingly frequent." (*Matter of Field,* 204 N. Y. 448, 454.)

" Slight evidence of the joining of the papers in some permanent form or other integration will suffice." (*Matter of Allen,* 282 N. Y. 492, 497.)

While it is generally conceded that the purpose of section 21 of the Decedent Estate Law is the prevention of fraud through insertions or additions to a testamentary document subsequent to its execution, nevertheless in the instant case I find no evidence of insertions or additions to cast a suspicion of fraud.

The wording at the top of each page follows continuously the wording at the bottom of the preceding pages, so that the end of the will can be reasonably determined. There is sufficient integration.

Considerable stress is laid by the contestant upon *Matter of Perrine* (109 Misc. 459). There a holographic will, written on both sides of a single sheet of paper, was offered for probate. The testatrix had written, at what seemed to be the end of the will, her name, address and the date, June 21, 1919. The instrument was enclosed in a sealed envelope on which had been written "Last Will and Testament of Isabelle Perrine Town of Minden Dated Witnesses Carrie Van Buren Simon Van Buren June 21st, 1919." The learned Surrogate properly ruled that the signatures of the witnesses on the envelope did not comply with section 21 of the Decedent Estate Law. The facts in the instant case are quite distinguishable from those in *Matter of Perrine*.

The facts in *Matter of Cogan* (101 Misc. 652) are quite similar to those in the instant matter. There the court directed the will to be probated.

After the reported disagreement by the jury, a motion was made under section 457-a of the Civil Practice Act by both parties respectively for the direction of a verdict, and in particular by the proponent that question No. 1 be answered "Yes" and by the contestant that question No. 1 be answered "No".

The motion of the proponent, that question No. 1 be answered "Yes" and that the will be probated, is hereby granted. The motion of the contestant is denied.

Submit decree.